1
2
3
4                      UNITED STATES DISTRICT COURT
5                     SOUTHERN DISTRICT OF CALIFORNIA
6    RANDAL JEROME DALAVAI,              Case No.:  22-CV-1471-CAB-WVG
7                          Plaintiff,
                                          **ORDER DISMISSING CASE WITH**
8    v.                                   **PREJUDICE AND CLOSING CASE**
9    UNIVERSITY OF CALIFORNIA SAN
     DIEGO HEALTH et al.,
10
11                         Defendants.
12

13          Plaintiff Randal Jerome Dalavai filed the *pro se* complaint in this action seeking
14   monetary penalties from various defendants for violation of 42 U.S.C. § 1395dd
15   ("EMTALA") in connection with an alleged emergency medical condition experienced by
16   Geetha Dalavai, who is Plaintiff's mother.  Geetha Dalavai is referred to as "Decedent" in
17   the complaint, and neither she nor her estate are a party to this lawsuit.  On October 3,
18   2022, this Court issued an order to show cause ("OSC") as to how Plaintiff has standing
19   under Article III of the Constitution.  [Doc. No. 4.]  On November 14, 2022, Plaintiff filed
20   a response to the OSC.  [Doc. No. 11.]  On November 17, 2022, an OSC hearing was held.
21   Plaintiff Randal Dalavai appeared *pro se*. [Doc. No. 12.]
22          For the reasons discussed in the hearing this case is **HEREBY DISMISSED** with
23   prejudice as Plaintiff has not shown that he has Article III standing to bring a claim as an
24   individual under 42 U.S.C. §13955dd, and the Court declines to exercise supplemental
25   jurisdiction over any state law claims that Plaintiff may have as an individual.
26          On the day of the OSC hearing, Plaintiff filed a motion to amend the complaint to
27   assert a claim under 42 U.S.C. §13955dd on behalf of the Estate of Geetha Dalavai, as
28   Plaintiff asserts he is now the executor of the Estate.  [Doc. No. 13.]  However, Plaintiff is

22-CV-1471-CAB-WVG

not an attorney and, therefore, may not assert any claims on behalf of the estate. "[C]ourts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in representative capacity." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008); "[A] person who is unlicensed to practice law and who purports to represent a decedent's estate cannot appear in propria persona on behalf of the estate in matters outside the probate proceedings." *Halstead v. Pac. Gas & Elec. Co. PG&E*, No. EDCV 16-696-DMG-KK, 2017 WL 1496956, at 2 (C.D. Cal. Feb. 13, 2017). Accordingly, the motion to amend is **DENIED**.[1]

The day following the hearing, Plaintiff filed an Amended Motion to Amend, claiming he was now seeking to amend his individual claim, as well as asserting a claim on behalf of the Estate. [Doc. No. 14.] To the extent Plaintiff is attempting to assert an individual claim under the EMTALA, the motion is **DENIED** for the reasons set forth above. To the extent Plaintiff is attempting to assert state law claims, the Court declines supplemental jurisdiction. Plaintiff is free to pursue those claims in state court. To the extent Plaintiff is attempting to assert any claim on behalf of the Estate, the Amended Motion to amend is **DENIED** for the reasons set forth above.

Accordingly, this case is **HEREBY DISMISSED WITH PREJUDICE**. The Clerk of Court shall **CLOSE** the case.

**IT IS SO ORDERED.**

Dated: November 18, 2022

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] Should Plaintiff obtain counsel on behalf of the Estate, the Estate may file a new complaint with a new case number, but only as to the hospital(s), not the physicians. *West v. Huxol*, 135 F.Supp.3d 590 (W.D. Ky. 2015) (EMTALA does not provide private cause of action against physicians). The Court does not take a position on whether such a complaint would be barred by the statute of limitations.