Randal Jerome Dalavai
14332 Mountain Rd.
Poway, CA 92064
(872)-232-0713
randaljerome@gmail.com

Plaintiff, In Pro Se

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFONIA

| | |
|---|---|
| RANDAL JEROME DALAVAI, <br><br>**Plaintiff,**<br><br> vs.<br><br>DONNA LOZA (OFFICIAL CAPACITY);<br>DEO BESANA (OFFICIAL CAPACITY);<br><br>**Defendant(s)** | **Case No.:** 3:22-cv-01471-CAB-DDL <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND FOR PROSPECTIVE INJUNCTIVE RELIEF AND ANCILLARY RELIEF UNDER THE ALL WRITS ACT** <br>(Pursuant to Fed. R. Civ. P. 55(b) and 28 U.S.C. § 1651(a)) <br><br>**Date:** May 11, 2025 <br>**Judge:** Hon. Cathy Ann Bencivengo <br>**Dept:** 15A <br><br>**JURY TRIAL DEMANDED** <br><br><u>PER CHAMBER RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT</u> |

# Index

| Section | Page |
|---|---|
| **Table of Authorities** | i |
| I. INTRODUCTION | 1 |
| II. BACKGROUND | 1 |
| III. LEGAL STANDARD AND BASIS FOR RELIEF | 2 |
| IV. REQUEST FOR RELIEF | 6 |
| V. REQUEST FOR ANCILLARY RELIEF UNDER THE ALL WRITS ACT | 7 |
| VI. SUPPLEMENT ON STANDING AND INJURY-IN-FACT (FOR EQUITABLE RELIEF) | 8 |
| VII. CONCLUSION | 10 |

# Table of Authorities

**Cases:** Page(s)

*Geddes v. United Fin. Grp.*, 559 F.2d 557 (9th Cir. 1977) — 2

*Wesch v. Folsom*, 6 F.3d 1465 (11th Cir. 1993) — 3

*United States v. New York Tel. Co.*, 434 U.S. 159 (1977) — 3

*Ex parte Young*, 209 U.S. 123 (1908) — 3

*Nava v. City of Dublin*, No. 95-16209 (9th Cir. 1997) — 4, 9

*Smith v. City of Fontana*, 818 F.2d 1411 (9th Cir. 1987) — 4

*Mathews v. Eldridge*, 424 U.S. 319 (1976) — 4, 5

*Winter v. Garden Regional Hospital and Medical Center, Inc.*, 938 F.3d 1028 (9th Cir. 2019) — 2, 6, 7, 8

*City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) — 9, 10

*O'Shea v. Littleton*, 414 U.S. 488 (1974) — 9

*Massachusetts v. Mellon*, 262 U.S. 447 (1923) — 9

*Klay v. United Healthgroup, Inc.*, 376 F.3d 1092 (11th Cir. 2004) — 15

**Statute (s)** Page

28 U.S.C. § 1651(a) (All Writs Act) — 3, 7

**Federal Rules of Civil Procedure**

| Rule | Page |
|---|---|
| Federal Rule of Civil Procedure 55(b) | 1, 2, 7 |

# I. INTRODUCTION

*Plaintiff in pro se* respectfully moves for entry of default judgment and prospective injunctive relief against Defendants Deo Besana, Investigator, and Donna Loza, District Manager, in their official capacities. This motion arises under Federal Rule of Civil Procedure 55(b) and the All Writs Act, 28 U.S.C. § 1651(a), and is limited to Plaintiff's due process claim concerning the failure to provide constitutionally sufficient notice of the factual findings and legal conclusions following CDPH's investigation into the medical treatment and transfer of Geetha Dalavai. Despite the passage of time, Defendants have failed to file any responsive pleading. The record shows that Defendants issued a legal conclusion without accompanying factual findings, relevant evidentiary summaries, or any explanation of the standards applied. This failure has impaired Plaintiff's ability to present accurate facts in a related state court proceeding that remains stayed pending clarification of these findings and obstructs efforts to assist the Medical Board of California, which closed its investigation with directions to resume once the identity of the decision-maker is disclosed. Given this context, default judgment and prospective relief are appropriate to preserve this Court's jurisdiction and ensure compliance with constitutional requirements.

# II. BACKGROUND

This Court has previously ruled that Plaintiff may proceed under the notice theory,

which concerns the government's obligation to provide meaningful notice of its factual findings and legal conclusions that affect the Plaintiff's rights and interests. Specifically, Plaintiff seeks constitutionally sufficient notice regarding the agency's determination that there were no statutory or regulatory violations related to the medical treatment and transfer of Geetha Dalavai.

**To date, Plaintiff has received only a legal conclusion unsupported by any explanation of the factual findings, standards applied, or reasoning used—rendering the notice inadequate for meaningful judicial review.**

Plaintiff has a direct legal and factual interest in ensuring that the agency's findings can be meaningfully reviewed and challenged in the stayed state court case concerning Geetha's medical treatment and transfer. This requires a complete explanation of the basis for the agency's conclusion that no statutory or regulatory violations occurred, including whether the standards articulated in the Ninth Circuit's decision in *Winter v. Garden Regional Hospital and Medical Center, Inc.*, 881 F.3d 822 (9th Cir. 2018) were correctly applied.

**III. LEGAL STANDARD AND BASIS FOR RELIEF**

Pursuant to Federal Rule of Civil Procedure 55(b), a defaulting party is deemed to admit all well-pleaded allegations of the complaint, except those related to the amount of damages. See *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Because this action now proceeds solely on the due process notice theory,

and because the defaulted officials have failed to respond, Plaintiff is entitled to judgment on that basis.

In addition, this Court is authorized under the All Writs Act, 28 U.S.C. § 1651(a), to issue all writs "necessary or appropriate in aid of [its] jurisdiction." This authority empowers the Court to safeguard both its existing and prospective jurisdiction to resolve legal and factual questions essential to the proper adjudication of matters already before it. See *Wesch v. Folsom*, 6 F.3d 1465, 1470 (11th Cir. 1993); *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977). Here, injunctive relief is necessary to ensure that the agency complies with the Court's due process ruling and provides the factual and legal clarity required for this Court to exercise its oversight responsibilities under *Ex parte Young*, 209 U.S. 123 (1908), and its progeny.

Plaintiff also has a legally cognizable interest in preserving potential wrongful death damages and recovery based on agency determinations that were not supported by adequate notice or reviewable legal conclusions.

> "The law of this circuit is that once a plaintiff establishes standing to seek damages, a court need not undertake a separate standing inquiry for equitable relief so long as the damages and equitable claims are predicated on the same operative facts and legal theories."

— *Nava v. City of Dublin*, No. 95-16209, at 17 (9th Cir. 1997) (citing *Smith v. City of Fontana*, 818 F.2d 1411, 1423 (9th Cir. 1987)).

*Plaintiff in pro se* respectfully notes that no final notice has yet been provided by state officials consistent with this Court's due process ruling and Ninth Circuit precedent. Because the record remains incomplete, Plaintiff respectfully requests that **any future adjudication of the propriety of Plaintiff's conduct—including consideration of any defense motions directed at Plaintiff—be reserved for final judgment**, where the Court will have the full evidentiary record available.

## Constitutionally Sufficient Notice and Its Impact on Fair Judicial and Administrative Proceeding

The procedures adopted by Defendants in issuing legal conclusions without accompanying factual findings or evidence summaries fail to meet the minimum standards required by procedural due process. The Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319 (1976), established that constitutionally sufficient notice includes meaningful detail regarding both the facts and legal basis upon which a determination is made. Specifically, the Court held:

> "the agency informs the recipient of its tentative assessment, the reasons therefor, and provides a summary of the evidence that it considers most relevant," and that the recipient had the opportunity to "mold his argument

to respond to the precise issues which the decisionmaker regards as crucial." *Mathews v. Eldridge*, 424 U.S. 319, 346–47 (1976).

These procedural protections serve as a "further safeguard against mistake" by ensuring that affected individuals can meaningfully participate in the process before any deprivation occurs.

Here, the notice provided by Defendants was devoid of such safeguards. It contained only legal conclusions without disclosing the reasoning, factual basis, or a summary of relevant evidence. This failure impairs Plaintiff's ability to verify whether those conclusions are grounded in fact or law and prevents Plaintiff from presenting accurate facts in his complaint in the stayed state court proceedings. It also obstructs the presentation of a complete evidentiary record, which is essential to the investigative process now closed by the Medical Board of California. The Medical Board directed the Plaintiff to reopen once the identity of the person is known.

When Defendants conclude there were no statutory and regulatory violations—without disclosing the basis for this determination—it effectively shields that finding from scrutiny and creates an evidentiary vacuum that impairs Plaintiff's ability to present accurate facts in his complaint in the stayed state court proceedings and to assist the Medical Board of California, which has requested the

name of the individual who made the decision regarding Plaintiff's mother's lung transplant candidacy in order to initiate its investigation.

An eligibility transaction with DHCS was performed on October 16, 2020 while Plaintiff's mother remained hospitalized. Yet the agency's notice contains no factual findings identifying what information was submitted to DHCS or whether it complied with the standards articulated in *Winter v. Garden Regional Hospital and Medical Center, Inc.*, 938 F.3d 1028 (9th Cir. 2019). This lack of disclosure prevents Plaintiff from pleading necessary facts in the state complaint to challenge the propriety of that transaction and its effect on the legality of the underlying medical decisions.

Absent a complete and reviewable notice, Plaintiff is denied a fair opportunity to respond to or challenge the decisionmaker's conclusions. This undermines the integrity of fair administrative proceedings and deprives Plaintiff of the procedural protections required under the Due Process Clause.

**IV. REQUEST FOR RELIEF**

**Default Judgment**: Enter default judgment on the due process notice theory against the state officials in their official capacities, limited to their failure to provide a constitutionally sufficient notice of findings.

**Prospective Injunction**: Issue an injunction requiring the defaulted officials to:

- Provide a final and complete written notice that explains the reasoning, legal standards, and factual findings leading to the agency's conclusion that there were no violations of applicable law;
- Offer Plaintiff a meaningful opportunity to submit clarifying evidence and factual data;
- Resolve and reconcile any conflicting information in the medical records across providers;
- Acknowledge and apply controlling Ninth Circuit precedent, including *Winter v. Garden Regional*.

**Preservation of Record for Judicial Review**:

Preserve the full administrative and factual record and defer ruling on any present or future motion challenging Plaintiff's position in this case until a complete record of the agency's factual findings and legal reasoning is produced and made available for judicial review under this Court's continuing jurisdiction to enforce due process protections and evaluate compliance with Ninth Circuit precedent.

**V. REQUEST FOR ANCILLARY RELIEF UNDER THE ALL WRITS ACT**

<u>(28 U.S.C. § 1651(a))</u>

Plaintiff further requests that, to the extent necessary to preserve jurisdiction and prevent impairment of judicial review, this Court invoke its inherent authority under the All Writs Act, and issue an order requiring:

7

- That this Court retain continuing jurisdiction over this action until it has had an opportunity to fully evaluate the legal conclusions contained in CDPH's final notice;

- That Defendants refrain from taking any action based on the current notice or initiating any factual representations in related proceedings unless and until a constitutionally adequate notice is served and reviewed by this Court;

- That all CDPH actions concerning the matters at issue comply with this Court's interpretation of due process and the Ninth Circuit's binding legal standards, including *Winter v. Garden Regional Hospital*, 938 F.3d 1028 (9th Cir. 2019), and all prior rulings in this case;

- That the **full administrative and factual record be preserved and produced before any rulings are made on present or future motions against Plaintiff**, ensuring this Court's ability to exercise informed judicial oversight consistent with due process and the All Writs Act.

## VI. SUPPLEMENT ON STANDING AND INJURY-IN-FACT (FOR EQUITABLE RELIEF)

Plaintiff maintains a legally protected interest in receiving full and adequate notice under the Due Process Clause.

"Abstract injury is not enough. It must be alleged that the plaintiff 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the

challenged statute or official conduct."

— *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) (quoting *Massachusetts v. Mellon*, 262 U.S. 447, 488 (1923)).

Because the current record omits any factual or legal reasoning for the agency's conclusions, Plaintiff is effectively barred from contesting those conclusions in other proceedings. The Ninth Circuit recognizes this as an injury-in-fact sufficient to support Article III standing:

> "The law of this circuit is that once a plaintiff establishes standing to seek damages, a court need not undertake a separate standing inquiry for equitable relief so long as the damages and equitable claims are predicated on the same operative facts and legal theories." *Nava v. City of Dublin*, No. 95-16209, at 17 (citing *Smith v. City of Fontana*, 818 F.2d 1411, 1423 (9th Cir. 1987)).

In contrast to the speculative nature of future injury found insufficient in *City of Los Angeles v. Lyons, 461 U.S. 95 (1983),* Plaintiff here faces "continuing, present adverse effects" stemming from Defendants' determination which lacks any factual basis and cannot be meaningfully challenged. The Court in *Lyons* held that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief… if unaccompanied by any continuing, present adverse effects." 461 U.S. at 102 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495–96

(1974)). Here, the effects are not merely past but ongoing: the factual vacuum created by Defendants' conclusory notice impairs Plaintiff's ability to present accurate facts in the stayed state court proceeding and obstructs the reopening of the Medical Board of California investigation, which was closed with instructions to resume once the identity of the responsible decision-maker is known. In *Lyons*, the Court emphasized that "[t]he emotional consequences of a prior act simply are not a sufficient basis for an injunction absent a real and immediate threat of future injury by the defendant." However, Plaintiff's injury is not limited to emotional upset; the continued administrative reliance on an unsubstantiated determination constitutes "a real and immediate threat" of regulatory and judicial harm which is "not 'conjectural' or 'hypothetical.'" *Id.* at 102. Therefore, Plaintiff's claim presents a constitutionally sufficient case or controversy and satisfies the requirement for injunctive relief under Article III.

## VII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court:

- Enter default judgment on the due process notice theory,
- Grant prospective injunctive relief under the All Writs Act to ensure compliance and preserve jurisdiction,
- And retain authority to review future developments in light of the full evidentiary and legal record.

**Dated: 11 April 2025**

Respectfully submitted,

S/ Randal Jerome Dalavai

**Randal Jerome Dalavai**

*Plaintiff, Pro Se*