UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDAL JEROME DALAVAI,<br><br>         Plaintiff,<br><br>v.<br><br>DONNA LOZA, et al.,<br><br>         Defendants. | Case No.: 3:22-cv-01471-CAB-DDL<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>[Doc. Nos. 99 and 102] |

  Plaintiff has filed two motions for reconsideration relating to the Court's order denying Plaintiff's motion for default judgment. [Doc. Nos. 99 and 102.] The Court considers the amended motion.

  "The moving party under Rule 60(b) is entitled to relief from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment." *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001).

Plaintiff, moving under prongs one and six, claims that the Court's order rests on a mistaken factual premise: that Plaintiff may still file a complaint under Cal. Health & Safety Code § 1279.2. [Doc. No. 102 at 2.] Plaintiff misreads the Court's order. In its analysis of the legal justification for a default judgment, the Court explained that the past denial of Plaintiff's state agency complaint was not grounds for a showing of prejudice (an *Eitel* factor). [Doc. No. 97 at 6.] The crux of the Court's analysis rested on the fact that Plaintiff cannot identify any property or liberty interest at issue in this case to sustain a due process claim. *See Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). The plain text of Section 1279.2 does not by itself create such a right. Moreover, the Court has been provided no authority, nor is it aware of any, that extends a statute governing onsite hospital investigations to create a constitutional interest subject to the minimal requirements of procedural due process.

Relief pursuant to a Rule 60(b) motion is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted). Plaintiff has not met this standard. The Court denies Plaintiff's motion for reconsideration.

It is **SO ORDERED**.

Dated: June 3, 2025

Hon. Cathy Ann Bencivengo
United States District Judge