UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDAL JEROME DALAVAI,<br><br>                                       Plaintiff,<br><br>v.<br><br>DONNA LOZA, et al.,<br><br>                                       Defendants. | Case No.: 3:22-cv-01471-CAB-WVG<br><br>**ORDER TO SHOW CAUSE**<br><br>[Doc. No. 118] |

Defendants Loza and Besana have filed a motion seeking to set aside the Clerk's entry of default against them pursuant to Fed. R. Civ. P. 55(c), [Doc. No. 92], and to quash the proofs of service filed by Plaintiff. [Doc. No. 118.] To be clear, there is no default judgment against these Defendants in this case since the Court denied Plaintiff's motion for default judgment. [Doc. Nos. 97, 106.] The Clerk's entry of default is a ministerial matter and is not a judgment by this Court. *See Pinaud v. County of Suffolk*, 52 F.3d 1139, 1152 n. 11 (2d Cir. 1995) ("Entry of default is largely a formal matter and is in no sense a judgment by default.").

On June 16, 2025, Plaintiff filed a notice of appeal implicating the Court's final judgment dismissing this case with prejudice. [Doc. No. 109.] It is the Court's view that it lacks jurisdiction over this case until further instruction by the Ninth Circuit. *See Natural Res. Def. Council, Inc. v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (district court loses jurisdiction over matters being appealed when a notice of appeal is filed); *see also Grand Canyon Tr. v. Tucson Elec. Power Co.*, 391 F.3d 979, 986 (9th Cir. 2004) ("It is well settled . . . that an appeal from the final judgment draws in question all earlier non-final orders and all rulings which produced the judgment" (internal quotation marks omitted)).

Defendants are ordered to provide authority explaining how this Court has jurisdiction to adjudicate their motion given the noticed appeal. Defendants should file any briefing by July 8, 2025.

It is **SO ORDERED**.

Dated:  June 24, 2025

Hon. Cathy Ann Bencivengo
United States District Judge